IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

EQUAL EMPLOYMENT                          §
OPPORTUNITY COMMISSION,                    §
         Plaintiff,      §
                                      §
v.                                        §      CIVIL ACTION NO. 3:06-CV-1779-O
                                      §
BEALL CONCRETE ENTERPRISES                §
INC., a wholly owned subsidiary of        §
U.S. Concrete, Inc.,                      §
         Defendant.     §

## MEMORANDUM OPINION AND ORDER

Before the Court are:

1. *Defendant's Motion for Partial Summary Judgment on Plaintiff's Claims Under the Americans with Disabilities Act*, (Doc. # 22) filed November 14, 2007;[1]

2. *Defendant's Amended Brief in Support of Motion for Partial Summary Judgment on Plaintiff's Claims Under the Americans with Disabilities Act* (Doc. # 26) filed December 18, 2007;[2]

3. *Appendix to Documents Cited in Defendant's Amended Brief in Support of Motion for Partial Summary Judgment on Plaintiff's Claims Under the American with Disabilities Act* (Doc # 27) filed December 18, 2007;[3]

4. *Plaintiff EEOC's Brief in Opposition to Defendant's Partial Motion for Summary Judgment*, (Doc # 24) filed December 14, 2007;[4] and

5. *Appendix to Documents Cited in Plaintiff EEOC's Response in Opposition to Defendant's Motion for Partial Summary Judgment*, (Doc. # 25) filed

---

[1] References to this pleading will be abbreviated as "Def's Mot. at" followed by a page number.

[2] References to this pleading will be abbreviated as "Def's Br. at" followed by a page number.

[3] References to this pleading will be abbreviated as Def's App. at" followed by a page number.

[4] References to this pleading will be abbreviated as "Plaintiff's Br. at" followed by a page number.

December 14, 2007.[5]

Having reviewed the relevant filings, the evidence, and the law applicable to the issues raised, the Court finds that Defendant's Motion for Partial Summary Judgment should be and is hereby **GRANTED.**

## I. BACKGROUND

This is an employment discrimination case. The suit is brought by the Equal Employment Opportunity Commission ("EEOC") on behalf of Charles Gentry alleging violations of the Americans with Disabilities Act of 1990 ("ADA") pursuant to 42 U.S.C. §12117(a), which incorporates by reference § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3); and claims of age discrimination pursuant to 29 U.S.C. § 626(b) ("ADEA"), which incorporates by reference 29 U.S.C. §§ 216(c), 217; and 42 U.S.C. 1981a. (Am. Compl. at 2). Defendant moves for partial summary judgment only regarding the EEOC's claims under the ADA. Thus, the Court will detail the undisputed facts that relate to this claim.

Charles Gentry ("Mr. Gentry") was employed with Defendant Beall Concrete Enterprises, Inc. ("Beall") from approximately August 1999 to June 22, 2004 in the position of Redi-Mix Truck Driver. (Plaintiff's App. at 1, 4; Def's App. at 21). Mr. Gentry sustained an injury on June 17, 2003, while he was at work. (Plaintiff's App. at 1; Def's App. at 25-47). Specifically, Mr. Gentry encountered a problem when he attempted to unhook the elevated chute from the cement truck he had been assigned to drive. (Plaintiff's App. at 1, 77-80; Def's App. at 3-6). After a mechanic could not fix the problem, Mr. Gentry tried to resolve the problem by standing on the chute at which time he lost his balance and fell approximately eight feet causing injuries to his back, shoulder, hip,

---

[5] References to this pleading will be abbreviated as "Plaintiff's App. at" followed by a page number.

elbow, and wrist. (Plaintiff's App. at 1, 81-89; Def's App. at 3-6, 25-47). Following this on-the-job accident, Mr. Gentry was on medical leave until his treating physicians released him to perform light-duty work with a lifting restriction of 10 pounds on October 16, 2003. (Plaintiff's App. at 1-2; Def's App. at 28-30). Mr. Gentry worked under this light-duty restriction from October 20, 2003 to November 23, 2003. (Plaintiff's App. at 2; Def's App. at 8, 31). Mr. Gentry then underwent surgery for the injury to his wrist on November 24, 2003. (Plaintiff's App. at 3; Def's App. at 31). Mr. Gentry was not released to return to work following this surgery until May 20, 2004, and such release was limited, for two weeks, to a six-hour work day. (Plaintiff's App. at 3; Def's App. at 46). Mr. Gentry, however, did not return to work. (Plaintiff's App. at 4; Def's App. at 10-11). Patti Reardon, Beall's Human Resources Director, contacted Mr. Gentry on June 22, 2004 to inform him that his employment was being terminated due to his violation of the company's policy on leaves of absence. (Plaintiff's App. at 4; Def's App. at 16, 21).

Beall's policy on leaves of absence provides:

***Maximum Period of Absence***
No employee may be off work for any reason (personal leave, medical leave, on-the-job injury, etc.) more than 12 consecutive months. Any employee who is off work more than 12 consecutive months will be terminated.

(Plaintiff's App. at 43). Following his termination, Mr. Gentry reapplied for a employment with Beall, but was not rehired. (Plaintiff's App. at 4, 149-50; Def's App. at 22). Defendant contends its decision not to rehire Mr. Gentry was based on a determination that he was an unsafe employee. (Def's App. at 22; Plaintiff's App. at 149-50). Mr. Gentry subsequently filed a charge of discrimination with the EEOC, which resulted in the initiation of this action against Defendant Beall.

Defendant moves for partial summary judgment regarding the EEOC's claims under the ADA on the grounds that (1) Mr. Gentry is not disabled as defined in the ADA; and (2) injunctive

3

relief is not warranted because its one-year leave policy does not violate the ADA. (Def's Br. at 9, 15).

## II. STANDARD OF REVIEW

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings, depositions, admissions, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. FED. R. CIV. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323-24. To carry this burden, the "opponent must do more than simply show . . . some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary

judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). "[T]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim." *Id.* (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

### III. ANALYSIS

By the instant motion for partial summary judgment, Defendant argues that Plaintiff has not shown any violation of the ADA because Mr. Gentry is not a disabled individual within the meaning of the ADA and its one-year leave policy, which is applied equally to all employees is on its face a reasonable accommodation. (Def's Br. at 9, 15). Plaintiff responds that Mr. Gentry was disabled and protected by the ADA "because he had a record of a substantially limiting impairment." (Plaintiff's Br. at 17). Further, Plaintiff argues that Defendant's finite one-year leave policy is not a reasonable accommodation under the ADA. (Plaintiff's Br. at 22). Thus, Plaintiff asks the Court to deny Defendant's motion for summary judgment in its entirety.

### A. "Disability" Under the ADA

The ADA prohibits discrimination on the basis of disability, and expressly defines such discrimination to include:

> not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose and undue hardship on the operation of the business of such covered entity.

42 U.S.C. § 12112(b)(5)(A). To establish a prima facie case of employment discrimination under the ADA, "a plaintiff must establish that [he] is a qualified individual with a disability and that the negative employment action occurred because of the disability." *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1119 (5th Cir. 1998) (citing 42 U.S.C. § 12112(a))). Thus, the threshold inquiry is whether the individual suffered from a disability. *Hamilton v. Southwestern Bell Telephone Co.*, 136 F.3d 1047, 1050 (5th Cir. 1998).

### 1. *Impairment Substantially Limiting Major Life Activities*

Defendant's primary argument is that the Plaintiff has failed to show that Mr. Gentry is "disabled" within the meaning of the ADA. Specifically, Defendant argues that Mr. Gentry did not suffer from a physical impairment that substantially limited one or more major life activities because his condition resulting from his on-the-job injury was only temporary. (Def's Br. at 9).

Under the ADA, an individual can show a qualifying disability if it is established that he suffers from:

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.

42 U.S.C. § 12102(2). A physical or mental impairment is any physiological disorder or condition, cosmetic disfigurement, anatomical loss, or any mental or psychological disorder. 29 C.F.R. App. §1630.2(h). "Merely having an impairment does not make one disabled for purposes of the ADA." *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 195 (2002). Rather, Plaintiff must show that Mr. Gentry's injury limits his "major life activities" in a "substantial" manner. 42 U.S.C. § 12102(2)(A).

Major life activities include caring for oneself, performing manual tasks, walking, seeing,

6

hearing, speaking, breathing, learning, and working. 29 C.F.R. § 1630.2(i). An impairment substantially limits a major life activity when the individual is

(i) unable to perform a major life activity that the average person in the general population can perform; or

(ii) significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner or duration under which the average person in the general population can perform that same major life activity.

29 C.F.R. § 1630.2(i)(1)(i), (ii). "Whether an impairment is substantially limiting is determined in light of (1) the nature and severity of the impairment, (2) its duration or expected duration, and (3) its permanent or expected permanent or long term impact." *Hamilton*, 136 F.3d at 1050; *see also* 29 C.F.R. §1630.2(i)(2)(i), (ii), (iii). The Supreme Court has held that Plaintiff must show that the impact of the impairment was permanent or long term in order to show a disability covered under the ADA. *Toyota*, 534 U.S. at 198.

The summary judgment record shows that Mr. Gentry suffered injuries to his back, shoulder, hip, elbow and wrist on June 17, 2003. (Plaintiff's App. at 1, 81-89; Def's App. at 3-6, 25-47). On May 20, 2004, he was given a medical release with only a two-week restriction limiting his work day to six hours. (Plaintiff's App. at 3; Def's App. at 46). Plaintiff admits that by June 3, 2004, he had a full duty medical release. (Plaintiff's App. at 3-4). Plaintiff has not come forward with any evidence that shows he suffered from any permanent or lasting impairment beyond June 3, 2004. *See Colwell v. Suffolk County Police Dep't*, 158 F.3d 635, 646 (2nd Cir. 1998) (holding a seven-month impairment of plaintiff's inability to work was too short in duration to be "substantially limiting"). In other words, Mr. Gentry has failed to produce any summary judgment evidence showing that the impairment he suffered as a result of the June 17, 2003 on-the-job injury

substantially limited his performance of a major life activity permanently or over a long period of time. *See Hamilton*, 136 F.3d at 1051 (holding that because impairment was only temporary; Plaintiff did not have a disability under the ADA); *see also Dudley v. United Parcel Service*, No. H-96-1803, 1998 WL 404361 at *4 (S.D. Tex. Feb. 6, 1998) ("A temporary physical incapacity is not a physical or mental impairment that substantially limits one or more major life activities."). Viewing the evidence in the light most favorable to Plaintiff, the Court finds there are no genuine issues of material fact that Mr. Gentry's on-the-job injury resulted in a permanent or lasting impairment substantially limiting a major life activity that would constitute a disability within the meaning of the ADA.

### 2.    *Record of an Impairment*

Defendant also moves for summary judgment on the grounds that Mr. Gentry does not have a disability under the ADA because there is no evidence of a record of impairment. (Def's Br. at 10). Plaintiff responds that summary judgment should be denied because there are genuine issues of material fact regarding whether Mr. Gentry had a record of disability. (Plaintiff's Br. at 17; *see also* Am. Compl. at 3, ¶8).

To establish a disability under the second prong of the ADA definition, Plaintiff must show that at some point in the past, Mr. Gentry "was classified or misclassified as having a mental or physical impairment that substantially limits a major life activity." *Sherrod*, 132 F.2d at 1120; *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187 (5th Cir. 1996) (citing 29 C.F.R. § 1630.2(k)). Further, to meet this definition, it is not enough if a plaintiff shows a record of an adverse medical diagnosis; "in order to establish the existence of a disability under § 12102(2)(B) there must be a record of an impairment that substantially limits one or more of the ADA plaintiff's major life

activities." *EEOC v. R.J. Gallagher Co.*, 181 F.3d 645, 655 (5th Cir. 1999). Accordingly, a claim involving discrimination based on a record of impairment requires a Plaintiff to show **both** that "(1) the plaintiff has a record or history of impairment; and (2) the impairment limits a major life activity." *Blanks v. Southwestern Bell Communications, Inc.*, 310 F.3d 398, 402 (5th Cir. 2002) (citing *Dupre v. Charter Behavioral Health Sys. of Lafayette, Inc.*, 242 F.3d 610, 615 (5th Cir. 2001) ("Although an individual may show that he or she has a record of impairment, if he or she fails to show that the impairment is substantially limiting, the individual may not qualify as disabled.")).

Plaintiff relies on evidence in Mr. Gentry's affidavit that states his impairment prevented him from being able to take care of himself between the time of the accident in June 2003 through the spring of 2004,[6] and the Texas Worker's Compensation Status Reports ("TWC Reports") that discussed Mr. Gentry's injuries and medical restrictions. (Plaintiff's Br. at 18; Plaintiff's App. at 1- 3, 19-20, 26-27). Defendant argues that Plaintiff cannot establish a record of impairment because his condition was temporary and the TWC Reports were uninformative and lacking in any particular details about Mr. Gentry condition. (Def's Br. at 7, 12).

While the summary judgment evidence tends to show record of the nature and severity of Mr. Gentry's injuries, as well as his medical treatment from the time of the accident to May 2004, there is no evidence that such impairment constitutes a disability; *i.e*. that the impairment substantially limited a major life activity. *Dupre*, 242 F.3d at 615; *see also Bennett v. Calabrian Chems. Corp.*, 324 F.Supp.2d 815, 832 (E.D. Tex. 2004) (holding there was no record of impairment where there was no evidence the impairment substantially limited a major life function) (citing

---

[6] Plaintiff expressly admits that it does not claim Mr. Gentry "has a record of being substantially limited in the major life activity of 'working'." (Plaintiff's Br. at 22).

*Robinson v. Global Marine Drilling Co.*, 101 F.3d 35, 37 (5th Cir. 1996) (finding that advising supervisor of asbestosis diagnosis and having condition noted in personnel file were evidence of history of an impairment but not of a disability because it did not substantially limit a major life activity)). As noted above, a plaintiff must show that the impact of the impairment on the ability to perform a major life activity is permanent or long-term in order to show a disability covered under the ADA. *Hamilton*, 136 F.3d at 1051. Here, the undisputed evidence shows that Mr. Gentry suffered no lasting or permanent effects from the impairment and his last TWC report dated May 20, 2004 only limited the 6-hour work day restriction to two weeks. (Plaintiff's App. at 2-3, 26-27; Def's App. at 46). Plaintiff has therefore failed to meet its burden to come forward with evidence that establishes a genuine issue of material fact as to whether Mr. Gentry had a record of a disability.

### 3. *Regarded as Having a Disability*

Defendant next argues there is no evidence that it ever regarded Mr. Gentry as having a disability. (Def's Br. at 13). Plaintiff's entire response focuses solely on its claim that Mr. Gentry had a record of impairment and does not specifically address Defendant's argument that Mr. Gentry was never regarded as having a disability. Plaintiff expressly states that "[i]n its Complaint, the EEOC alleged that Defendant discriminated against Charles Gentry due to his record of a disability." (Plaintiff's Br. at 17, n.4; Am. Compl. at 3, ¶8). Nonetheless, because the EEOC generally alleged in its complaint that Defendant discriminated against its employees because of a disability, the Court will therefore address the merits of this issue . (Am. Compl. at 1).

Although Mr. Gentry does not have a physical impairment which substantially limits him in a major life activity, he may still fall within the ADA's definition of disabled if he can show that Beall regarded him as being disabled. 42 U.S.C. § 12102(2)(C). Under the EEOC regulations, an

10

individual may be regarded as disabled by an employer in one of three ways; if the individual has

> (1) a physical or mental impairment that does not substantially limit major life activities but is treated by a covered entity as constituting such limitation;
>
> (2) a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or
>
> (3) none of the impairments defined [in this section] but is treated by a covered entity as having a substantially limiting impairment.

29 C.F.R. § 1630.2(l). As applicable to Mr. Gentry, the relevant provision is where an employee does not actually have a physical impairment that substantially limits a major life activity, but he is treated by his employer as having such an impairment. 29 C.F.R. § 1630.2(l) (3). In construing this section, the Fifth Circuit has held that "[a]n employer does not necessarily regard an employee as having a substantially limiting impairment simply because it believes that [he] is incapable of performing a particular job." *Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 806 (5th Cir. 1997). Instead, the inquiry focuses on whether the employer regarded the employee as substantially limited in his ability to work generally in the type of employment involved. *Id.* "For an employer to regard an impairment as substantially limiting work, the employer must regard an individual as significantly restricted in his ability to perform a class or broad range of jobs." *Hamilton*, 136 F.3d at 1051-52.

Viewing the record as a whole, in the light most favorable to Plaintiff, there is little evidence that anyone at Beall regarded Mr. Gentry as disabled. The only summary judgment evidence is Mr. Gentry's statements that Mr. Shults, Beall's safety director, inquired whether Mr. Gentry gave any thought to other type of work because being a mixer truck driver was hard work and Shults did not think Mr. Gentry could handle it. (Plaintiff's App. at 3). Assuming for purposes of summary judgment that this statement is true, it is insufficient to show that Beall regarded Mr. Gentry as

disabled. *Blanks*, 310 F.3d at 402 (holding that statement that employee could not perform a specific job was insufficient to show the employer regarded the employee as disabled). The Court finds that Plaintiff had failed to produce any evidence that anyone at Beall treated Mr. Gentry as having a disability.

Because the Court finds that Plaintiff has failed to show that Mr. Gentry either had a disability, a record of a disability, or was regarded as having a disability, there is no need for the Court to consider whether Defendant denied Mr. Gentry a reasonable accommodation. *See Foreman*, 117 F.3d at 805 ("If Foreman is not disabled, he would not be entitled to a reasonable accommodation, nor would his qualification for the position sought be relevant."). Accordingly, Defendant's motion for partial summary judgment with regard to Plaintiff's reasonable accommodation claim under the ADA is hereby GRANTED.

### B.    Beall's Leave Policy

Plaintiff has also pleaded a violation of the ADA based on allegations that Defendant's adherence to its twelve month leave policy does not provide a reasonable accommodation to persons who are disabled. (Am. Compl. at 3, ¶8). Defendant moves for summary judgment on this claim on the grounds that its twelve month leave policy, which is applied equally to all employees, does not violate the ADA because it provides a reasonable accommodation even though a twelve month leave is not statutorily mandated. (Def's Br. at 15). Plaintiff responds that Defendant's finite leave policy violates the ADA because it fails to provide for a reasonable accommodation beyond the twelve-month period. (Plaintiff's Br. at 22).

Plaintiff specifically argues that Defendant applied its finite leave policy to terminate Mr. Gentry without considering his request for a reasonable accommodation. (Plaintiff's Br. at 24).

Plaintiff's argument is unavailing because having found that Mr. Gentry did not have a disability as defined in the ADA, he is not entitled to a reasonable accommodation. *Foreman*, 117 F.3d at 805. Notwithstanding, while the Fifth Circuit has not reviewed this exact issue, the Court finds a decision from the Sixth Circuit persuasive. *See Gantt v. Wilson Sporting Goods Co.*, 143 F.3d 1042 (6th Cir. 1998). In *Gantt*, the Circuit Court found that a leave policy, which is uniformly and consistently applied to all employees, does not violate the ADA as a matter of law. *Id.* at 1046. Plaintiff has failed to come forward with any evidence to show that Defendant's leave policy was not uniformly and consistently applied. Accordingly, Plaintiff's claim fails and Defendant is entitled to summary judgment.

## IV. CONCLUSION

In sum, Plaintiff has not come forward with sufficient evidence to defeat Defendant's motion for summary judgment. There are no genuine issues of material fact because Plaintiff failed to show that Mr. Gentry has a disability recognized under the ADA, that he has a record of such impairment, or that he was regarded as disabled in violation of the ADA. Further, there are no genuine issues of material fact as to Defendant's twelve month leave policy. Accordingly, Defendant's Motion for Partial Summary Judgment on Plaintiff's Claims under the Americans with Disabilities Act (Doc. # 22) is GRANTED. Plaintiff's claims under the ADEA remain pending and will proceed to trial on April 7, 2008.

**SO ORDERED** on this 15th day of March, 2008.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**